DECUIR, Judge.
This case arises out of a suit filed by Madeline Arleene Jones, individually and on behalf of her minor children, Tracey Allen Jones, Miranda Kaye Jones and Jeffrey Waylon Jones, for the wrongful death of Kirby W. Jones on December 1, 1989. Kirby Jones died as a result of a collision between decedent’s vehicle and a locomotive owned by Kansas City Southern Railway Company. At the time of the accident, the locomotive was operated by George C. Merritt, Jr., and Harry L. Dillahunty.
Plaintiffs allege in their petition that Kirby Jones’ death was caused by defendant’s negligence in failing to sound the train whistle to warn of the oncoming train, failing to maintain the railroad signal device at the crossing in working condition, and maintaining a defective and dangerous railroad crossing. Defendants answered the suit alleging that the train diesel horn and bell were sounded to warn decedent of the oncoming train and further alleging that prior to the accident, the advance warning signs, including railway crossing signs and flasher lights, were operating and visible to motorists approaching the railway crossing. Defendants specifically pled in their answer the comparative negligence of Kirby Jones in failing to see, hear and heed the train’s horn and railway warning signs and flasher lights at the crossing in question.
After the close of all the evidence, the trial judge granted a directed verdict on the issue of liability in favor of plaintiffs and against defendants, reserving unto the jury the issue of quantum. The trial judge further ordered that defendants were precluded from arguing comparative negligence of the plaintiffs’ decedent. The trial judge assigned no reasons for his ruling. After trial on the issue of quantum, the jury returned a verdict and judgment was rendered in favor of plaintiffs in the total amount of $1,175,000.00, plus interest and costs.
Defendants contend on appeal that the trial judge erred in granting plaintiffs’ motion for directed verdict and in making certain procedural and substantive errors of such weight as to deprive defendants of their constitutional guarantee to a fair trial.
The accident at issue occurred in the predawn hours of December 1, 1989, at the railway crossing of Louisiana Hwy. 158 and the Kansas City Southern main line track in Grant Parish, Louisiana. The only eyewitnesses to the accident were the locomotive engineer and the brakeman at the time of the accident, George Merritt, Jr. and Harvey Dillahunty. Plaintiffs presented witnesses at trial who testified that immediately after the accident the warning flashers at the crossing in question were not in operation. Edmond Youngblood testified that he lives less than a mile from the railway crossing and that he was the first person to arrive at the scene after the accident. According to Mr. Youngblood, the railway warning flashers were not in operation when he arrived at the scene. Mr. Youngblood testified that although he lives close to the railroad track, he did not hear the sound of the train’s whistle or bell nor did he hear the sound of the tram’s engine nor the sound of the impact. Ernest Wehunt testified he lives approximately ½ mile from the railway crossing. Mr. Wehunt heard the idling of the train’s engine from his home, but did not hear a horn or whistle. Mr. Wehunt also testified that when he arrived at the scene shortly after the accident the railway warning lights were not in operation. Other witnesses testified on behalf of plaintiffs that the warning lights in question had malfunctioned in the past. Bobby Duren, Ruth Brumley and Mike Beebe testified that they had proceeded through the crossing on the morning prior to the accident, at which time the warning lights were not working. However, Mr. Beebe admitted he was not certain whether the train he saw *16 on the track at the time was moving or not. The court notes that the train Mr. Beebe and Mr. Duren observed was southbound and was not the same train involved in the accident which was northbound at the time of the accident.
Both George Merritt and Harvey Dilla-hunty testified that prior to the accident they saw the Jones vehicle approach the railway crossing. According to the testimony of these witnesses and other evidence presented at trial, Mr. Jones did not slow his vehicle for the oncoming train or take other evasive action. Both Merritt and Dillahunty testified that Mr. Merritt sounded the diesel horn and bell to warn of the oncoming train. Mr. Merritt testified that when he realized Mr. Jones would not stop at the crossing, he immediately applied the train’s emergency brake. Both of these witnesses were emphatic in their testimony that the railway warning signals or flashers at the crossing were in operation prior to and at the time of the accident and continued to function properly after the accident. Douglas Gremillion, the state trooper who investigated the accident, testified that when he arrived at the scene of the accident the warning flashers were functioning and continued to function properly until the train was given clearance to proceed on its route. Wallace Liner, an employee of the Colfax Police Department, testified that when he arrived at the scene shortly after the accident the warning signals were functioning properly. Grant Parish Sheriff Deputy Donald Thompson testified that when he arrived at the scene, the warning signals were in operation on the east side of the track. Curnell Clark, conductor of the train at the time of the accident, testified the warning signals were in operation at least immediately after the accident. Finally, Gregory Landsdale, signal maintainer employed by the defendant railroad, testified he inspected and tested the warning devices at the crossing on the date of the accident and found the system to be operating properly.
From a review of the record, we conclude that the trial judge erred in granting plaintiffs’ motion for directed verdict. The standard to be applied in granting motions for directed verdict is that enunciated in Campbell v. Mouton, 373 So.2d 237 (La.App. 3rd Cir.1979), that is:
“On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence — not just that evidence which supports the non-mover’s case — but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury.”
373 So.2d at P. 239. See also Andrews v. Mosley Well Service, 514 So.2d 491 (La.App. 3rd Cir.1987). writ denied, 515 So.2d 807 (La.1987). Evaluations of credibility have no place in a decision on a motion for directed verdict. Making credibility evaluations is one of the primary duties of the jury and the trial judge may not take this duty from the jury unless the party opposing the motion has failed to produce sufficient evidence upon which reasonable and fair-minded persons could disagree. Campbell, supra.
After a review of the defendants’ evidence conducted in a light most favorable to defendants and drawing all reasonable inferences most favorable to defendants, we conclude that plaintiffs’ motion for directed verdict should be denied. The facts and inferences do not point so strongly and overwhelmingly in favor of plaintiffs such that reasonable minds could not arrive at a verdict in favor of defendants.
For the foregoing reasons, the judgment of the trial court is reversed, and plaintiffs’ motion for directed verdict is denied. The case will be remanded for a new trial not *17 inconsistent with the views expressed herein.
Having reversed the judgment of the trial court, defendants’ remaining assignment of error is rendered moot. Costs of appeal are assessed to plaintiffs-appellees.
REVERSED AND REMANDED.